17-1523-pr
*Cicio v. Wenderlich*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand eighteen.

PRESENT: JOSÉ A. CABRANES,
 SUSAN L. CARNEY,
  *Circuit Judges,*
 VALERIE E. CAPRONI,
  *District Judge.**

---

TERRY CICIO,

 *Plaintiff-Appellant,*   17-1523-pr

 v.

DEPUTY WENDERLICH, SUPERINTENDENT SECURITY,

 *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:   Terry Cicio, *pro se*, Dannemora, NY.

FOR DEFENDANT-APPELLEE:   Allyson B. Levine, Assistant Solicitor
  General, Barbara D. Underwood, Solicitor
  General, Andrea Oser, Deputy Solicitor

---

* Judge Valerie E. Caproni, of the United States District Court for the Southern District of New York, sitting by designation.

General, *for* Eric T. Schneiderman,
Attorney General of the State of New
York, Albany, NY.

Appeal from judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 25, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Terry Cicio, proceeding *pro se*, appeals from an April 25, 2017 judgment of the District Court granting summary judgment in favor of defendant-appellee Stephen Wenderlich, Deputy Superintendent for Security at the Elmira Correctional Facility. Cicio, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought his complaint under 42 U.S.C. § 1983 ("Section 1983"), alleging that Wenderlich violated his Eighth Amendment rights by failing to protect him from an attack by other inmates. The District Court granted summary judgment in favor of Wenderlich because it found that Cicio had failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). On appeal, Cicio argues that the District Court erred because (1) the PLRA exhaustion requirement does not apply where officials failed to answer a grievance, and (2) a plaintiff alleging failure-to-protect under Section 1983 does not need to exhaust administrative remedies before bringing a complaint in federal court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In September 2012, Cicio was housed at the Elmira Correctional Facility when he was attacked by two other inmates, resulting in injuries that required eleven stitches. Cicio claims that after the attack he filed a written grievance to the Inmate Grievance Resolution Committee ("IGRC"), and alleged that his pre-attack written requests to be placed in protective custody were ignored by Wenderlich. However, an IGRC supervisor filed a declaration in the District Court stating that he could find no record of Cicio's grievance. In any event, the parties agree that Cicio never received a response to his grievance. Rather than filing an administrative appeal in the absence of a response, Cicio brought the instant action under Section 1983. The District Court granted summary judgment in favor of Wenderlich, finding that Cicio had failed to exhaust administrative remedies by not appealing the absence of a favorable action regarding his grievance to the Central Office Review Committee ("CORC").

### A.

We review a district court's order granting summary judgment *de novo*, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in [its] favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review *pro se* submissions with special solicitude, mindful that they "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

The PLRA bars prisoners from bringing any action "with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]hat language is mandatory," and "suggests no limits on an inmate's obligation to exhaust," provided that remedies are indeed "'available' to the prisoner." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). Remedies are unavailable only if (1) the grievance process "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) the grievance process is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

**B.**

We conclude that Cicio failed to exhaust his administrative remedies. The parties agree that Cicio received no response to the grievance he purportedly filed. When a prisoner has filed a grievance, but receives no response, the regulations provide a right of appeal. N.Y. Comp. Codes R. & Regs. tit. 7, §§ 701.5(b)(2)(ii) (providing that clerk must schedule a hearing "within 16 calendar days after receipt of the grievance"), 701.6(g)(2) (providing that "matters not decided within the time limits may be appealed to the next step"). Because Cicio did not exercise his right of appeal, he did not exhaust the available administrative remedies. Accordingly, the PLRA bars the instant action.

We are not persuaded by Cicio's arguments to the contrary. The grievance process in Cicio's case was not so opaque that it became "incapable of use." *See Ross*, 136 S. Ct. at 1859; *cf. Williams v. Priatno*, 829 F.3d 118, 126 (2d Cir. 2016) (finding that appellate process was too opaque in circumstances where inmate alleged that a prison guard did not file his grievance and the inmate had since been transferred). Indeed, it provided him a clear avenue to proceed. We also reject Cicio's argument that the non-response to his grievance constituted manipulation, so as to excuse the exhaustion requirement. *See Ross*, 136 S. Ct. at 1860. Finally, the plain language of the PLRA forecloses his claim that he did not need to exhaust administrative remedies before bringing an action under Section 1983.

3

**CONCLUSION**

We have reviewed all of the arguments raised by Cicio on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the April 25, 2017 judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk